Judge Roane
pronounced the following opinion of this Court :
“ The Court is of opinion, that the deed of trust, in the proceedings mentioned, made by Joseph H Pope to John Page, for the benefit of Michael W. Hencock $5? Cohaving conveyed all the goods, property, and credits of the said Pope whatsoever, in Virginia, for the purpose, as is alleged, of securing to the said Michael W. Hencock &? Co. the payment of certain bills of exchange, which were said to be protested, and expected to be protested, but which, for any thing certainly appearing to the Court, may have been paid, or otherwise secured to be paid, by the drawee or drawer thereof; having been entered into by the said Pope, on the eve of his departure from Virginia, and within two or three days after intelligence had been received of the supposed failure of Lemuel Pope, the mercantile correspondent of the said Joseph H. Pope, in Boston, which circumstance created a general belief that the credit of the said Joseph H. Pope would be materially affected thereby ; and the probable value of the goods thereby conveyed, .exclusive of credits of the said Joseph H. Pope,) when added to that of a quantity of tobacco and flour, the bills of lading for which the said Michael W. Heneock procured to be made, or assigned to him, at or about the same time, (and which must therefore be considered as a part of the same transaction,) being more than double the amount which the said Joseph H. Pope could, in any event, be indebted to the said Michael W. Hencock &? Co., for and on account of the bills of exchange aforesaid; the said deed being also made in favour of a grantee who was so little scrupulous of the means by which he served the said Joseph H. Pope, or himself, to the injury of the said Pope's other creditors, ¿hat he procured the bills of lading, made to him for the *534 tobacco before mentioned, to be antedated, thereby en» deavouring to overreach John Leslie, who had previously obtained bills of lading for the same tobacco, which had been sold by him to the said Joseph H. Pope, but not pajjj £or. whicg was known to the said Michael W Hencock at the time ;) a grantee, too, who by refusing to accede to the just and reasonable terms on which the Court of ^Hustings of Petersburg offered to allow his-injunctions, (intended to stay the effect of an order made in favour of the appellant,) evinced that his object was not solely to procure a payment and indemnity for him-" self and company, in relation to his claims against the said Joseph H. Pope; and the said grantee having also permitted the said Joseph II, Pope to take, use, sell, and collect the debts and property by the said deed of trust conveyed, or connived at his so doing, the same ought to be taken, as to the appellant, and apellee, Fenwick, just and vigilant creditors of the said Joseph II. Pope, as a collusive combination to injure and defraud them, and as giving to the said Michael W. Hencock i? Co. no prior lien upon the property aforesaid.”
“ The Court is further of opinion, that the apellees, Michael W. Hencock is? Co., have not legally entitled themselves as creditors to the amount claimed by them; both because the bills of exchange, in the said deed and proceedings mentioned, may have been paid, or may yet be paid as aforesaid, for any thing appearing to the contrary by proper and legal evidence ; and because one of those bills, for six hundred and seventy-four dollars and fifty two cents, having been drawn by Michael W. Hen-cock is? Co., and not by Joseph II. Pope, is not a bill to which the terms of the deed of trust aforesaid, or the prayer of the said Michael W. Hencock is? Co.’s bill of injunction, would properly apply.”
“ On these grounds, the Court is of opinion, that not only so much of the decree as establishes a lien in favour of the appellees, Michael W. Hencock is? Co., under the; deed of trust aforesaid, but also so much thereof as has *535 Ascertained the amount of the debt due by Joseph H. Pope to them, on account of the bills of exchange, as also so much of the said decree as postpones the appellant and the appellee, William Fenwick, to the appellees, Michael W. Hencock &r Co., in relation to the trust property, is erroneous } therefore, it is decreed and ordered, that so much of the said decree as is before mentioned to be erroneous, be reversed and annulled; that the residue thereof be affirmed; and ihat the appellees, Michael W. Hencock £i? Co., pay to the appellant his costs, by him expended in the prosecution of his appeal aforesaid here : and it is further decreed and ordered, that the said Joseph II. Pope do pay to the appellant the sum of five hundred and forty-two pounds, seventeen shillings and three pence, with interest thereon from the 19th day of March, 1804; and to the appellee, William■ Femvick, the sum of six hundred and twelve pounds, ten shillings, with interest thereon from the 31st day of October 1804, till paid ; provided, that the sum of four hundred and forty-two pounds, three shillings and nine pence, now in the hands of the sergeant of the town of Petersburg, (as appears from the proceedings,) be immediately paid by him, and the sum of two thousand two hundred and eleven dollars and forty-one cents, now in the hands of the appellees, Michael W. Hencock Co., (being the proceeds of the flour, in the proceedings also mentioned, after deducting the insurance thereon,) and six hundred and twelve dollars and twenty-six cents, collected from John Theodore Hart, by virtue of an order from Joseph II. Pope, in favour of Michael W. Hencock Co,, under the deed of trust aforesaid, with interest on the former sum from the 1st day of September, 1804, and on the latter* from the 8th day of August, 1804, till paid, be also immediately paid by the said Michael W. Hencock & Co., to discharge the debts aforesaid, or, in case of their being insufficient to pay the whole, to pay the same in equal proportions. And it is ordered that the causes be remanded to the said Court of chancery, to be proceeded *536 in pursuant to the principles now declared ; with liberty to the appellees, Michael W.'Hencock SsP Co., to proceed, under the direction of the Court of chancery, to ascer- ^ J 1 tain, by evidence, other than the oath of the appellee, Michael W. Hencock, the said amount, and to recover the same from the said Joseph H. Pope or his effects; subject nevertheless to the provisions of this decree in favour of the appellant, and the appellee, William Fenwick.1*